NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ALLEN PENN, *Appellant.*

No. 1 CA-CR 14-0073
FILED 12-02-2014

Appeal from the Superior Court in Maricopa County
No. CR2013-014392-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1         Christopher Allen Penn appeals his convictions of two counts of aggravated driving under the influence (aggravated DUI), and the resulting sentences.  Penn's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Penn was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  After reviewing the record, we affirm Penn's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         Early one morning in January 2013, Penn crashed his car into a wall; no other vehicles were involved.  At the time of the crash, Penn's driver's license had been suspended and revoked, and notice of the suspension/revocation had been provided by mail.

¶3         Phoenix Police Officer Brooks noted at the scene that Penn "had the odor of alcohol from his breath; bloodshot, watery eyes; red flushed face, and his speech was slurred."  Penn failed to complete one field sobriety test, then refused to participate further.  He was arrested and transported to the police station.

¶4         Penn was informed of his *Miranda*[1] rights and was asked to submit to a blood draw.  Penn initially refused but, after a police phlebotomist told him that further "delay w[ould] be considered a refusal in taking the test," Penn consented to the blood draw.  Testing revealed that Penn's blood alcohol concentration was .305.

¶5         Penn was charged with two counts of aggravated DUI: (1) driving while impaired with a suspended license, *see* Ariz. Rev. Stat.

---

[1]         *Miranda v. Arizona*, 384 U.S. 436 (1966).

("A.R.S.") §§ 28-1381(A)(1) and -1383(A)(1); and (2) driving with a blood alcohol concentration of 0.08 or more with a suspended license, *see* A.R.S. §§ 28-1381(A)(2) and -1382(A)(1)[2].

**¶6**　　　　Before trial, the State alleged that Penn had been convicted of four prior felonies.  Penn in turn moved to suppress the blood test results, arguing the blood draw was an unlawful search.  The court denied the suppression motion, finding that Penn had consented to the blood draw.

**¶7**　　　　Although Penn attended jury selection, he failed to appear on the second and third days of trial.  Penn appeared on the afternoon of the fourth day and explained that he failed to appear at trial because he had been drinking and seeking alcohol-related medical care.  The court found Penn's absence had been voluntary.

**¶8**　　　　The jury found Penn guilty as charged.  After hearing testimony from a fingerprint expert, the court found three prior felony convictions: (1) aggravated DUI (a class 4 felony) committed February 15, 2002, (2) aggravated assault (a class 6 felony) committed February 3, 2006, and (3) third degree burglary (a class 4 felony) committed April 25, 2007.  The court thus sentenced Penn as a category three repetitive offender to concurrent, aggravated terms of 11 years, with 126 days of presentence incarceration credit.

**¶9**　　　　Penn timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

**¶10**　　　　We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  We find none.

**¶11**　　　　Penn was represented by counsel at all stages of the proceedings.  The court properly proceeded in Penn's absence because Penn received proper notice and failed to show good cause for his failure to appear. The record reflects that the superior court afforded Penn all his rights under the Arizona and U.S. Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings,

---

[2]　　　　Absent material revisions after the relevant date, we cite a statute's current version.

and the evidence presented at trial and summarized above was sufficient to support the jury's guilty verdicts.  Penn's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

**¶12**        After the filing of this decision, defense counsel's obligations pertaining to Penn's representation in this appeal will end after informing Penn of the outcome of this appeal and his future options.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Penn shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶13**        Penn's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh